ALFRED D. CHANDLER & others *vs.* RAILROAD COMMIS-
SIONERS & another.

Norfolk. Nov. 13, 1885. — Feb. 26, 1886. DEVENS & GARDNER, JJ.,
absent.

A taxable inhabitant of a town, owning land abutting upon a highway therein,
which crosses a railroad by a bridge, in which and its approaches the county
commissioners have, upon the petition of the selectmen of the town, ordered
certain alterations to be made, is not a "party aggrieved" by the decision of
the county commissioners, within the meaning of the St. of 1882, *c.* 135, § 1,
giving to such party a right of appeal therefrom to the board of railroad com-
missioners, although he appeared before the county commissioners, and was
heard by them; and the railroad commissioners may be restrained by writ of
prohibition, at the instance of the selectmen of the town, from assuming juris-
diction of an appeal by such person.

PETITION, by the selectmen of the town of Brookline, against
the board of railroad commissioners of the Commonwealth, and
William Aspinwall, to restrain said board from assuming juris-
diction of an appeal by said Aspinwall from a decision of the
county commissioners, ordering, upon the petition of said select-
men, certain alterations in a bridge over the Boston and Albany
Railroad in Washington Street, a highway in said Brookline, and

its approaches. The case was heard by *C. Allen*, J., and reserved for the consideration of the full court. The facts appear in the opinion.

*E. R. Hoar & M. Williams*, for the petitioners.

*T. H. Talbot*, for the railroad commissioners.

*G. C. Hodges*, for Aspinwall.

FIELD, J. The question in this case is whether Mr. Aspinwall is a party aggrieved by the decision of the county commissioners, within the meaning of the St. of 1882, *c.* 135, § 1. That section relates to proceedings under the Pub. Sts. *c.* 112, §§ 129, 138. Section 129 implies that an application may be made to the county commissioners by the mayor and aldermen of a city or the selectmen of a town, or the directors of a railroad corporation, and enacts that " the county commissioners shall, after due notice, hear all parties interested, and, if they decide that such alteration is necessary, shall prescribe the manner and limits within which it shall be made, and shall forthwith notify their decision in the matter to the parties, and also to the board ; and if the county commissioners decide that no alteration is necessary, the party making the application shall pay the costs thereof." Section 130 provides for the taking of land or other property, if the location of the railroad or highway or town way is changed, and gives a remedy to the owner. Section 131 provides for the appointment of a special commission to determine which party shall carry the decision of the county commissioners into effect, and which party shall pay the charges and expenses of making the alteration, the future charges of keeping the crossing and the approaches thereto in repair, as well as the costs of the application to the county commissioners and of the hearing before the commission ; or the commission may apportion the charges, expenses, and costs. Section 132 provides for an application to the Superior Court, or a justice thereof, by the county commissioners, mayor and aldermen, selectmen, or directors of the railroad, and that notice thereof shall be given " to the other parties interested." Section 133 provides that " a party aggrieved by the award may, within fourteen days after the same is so returned, apply to the court for a jury to revise and determine any matter of fact found therein ; and thereupon the court shall order a trial by jury to be had at the bar of the court, after due notice to

all parties interested in the matter of said award," &c.; and, by § 134, " the party designated for that duty, having carried into effect the decision of the county commissioners, may recover of any other party in an action of contract the proportion awarded to be paid by such other party, with interest." It is plain that, after the decision of the county commissioners, the only parties interested in the appointment of the commission and the subsequent proceedings are the railroad corporation, represented by the directors, the city or town, represented by the mayor and aldermen or the selectmen, and the county, represented by the county commissioners.

By the Public Statutes the decision of the county commissioners upon the necessity of the alteration, and the manner in which it should be made and the limits of it, was final; but the St. of 1882, c. 135, gives to " any party aggrieved " by the decision of the county commissioners, or by their neglect or refusal to decide, an appeal to the board of railroad commissioners.

The taxable inhabitants of the city, town, or county have no other interest in the subject matter than in any other work for public purposes, the expenses of which may be ordered to be borne by the city, town, or county. Mr. Aspinwall, as a taxable inhabitant of the town of Brookline, has no interest different in kind from the other taxable inhabitants of the town, and, as an owner of land abutting on the highway, has no interest different in kind from that of other abutters, or from that of the public generally, because no part of his land or property has been taken, and no facts appear that would enable him to maintain any suit or proceeding for damages. It is clear that Mr. Aspinwall could not have instituted the proceedings before the county commissioners. His contention is, that he was a person interested in the original proceedings, and was entitled to notice and to be heard; and that, appearing according to the notice, he had the right to be admitted as a party, and has actually been admitted as a party by the county commissioners, and therefore is one of the parties aggrieved by their decision.

The phrase, " the county commissioners shall, after due notice, hear all parties interested," is similar to phrases which occur in other provisions of the statutes. The Pub. Sts. c. 112, § 125, provide that the county commissioners, " after due notice to

the railroad corporation, and hearing all parties interested," may authorize a way to be laid out across a railroad; § 123 provides that the county commissioners, "after due notice to all persons interested, and a hearing, may adjudge that public necessity requires the crossing at the same level," &c.

The Pub. Sts. *c.* 49, § 3, require that the county commissioners to whom a petition is presented for laying out, altering, or discontinuing a highway, shall cause copies of the petition, or abstracts thereof, to be posted, and "shall give notice to all persons interested by causing a like copy to be published," &c.; and in § 4 they are required to view the premises "when requested by any party interested." See §§ 10, 13, 14, 19, 21, 26. The Pub. Sts. *c.* 52, § 2, provide that the county commissioners, when two or more towns are required by law to maintain or keep in repair a bridge upon a highway or town way, may, "after hearing, upon due notice to all parties interested, pass such orders," &c.

In the probate courts, the citations are usually addressed to all persons interested in the estate, and, in some cases, the statutes expressly require notice to all parties interested. Pub. Sts. *c.* 130, § 13; *c.* 134, § 19. See also *c.* 113, §§ 7, 44.

There are also provisions of statutes authorizing appeals similar to those in the St. of 1882, *c.* 135, §§ 1, 2. By the Pub. Sts. *c.* 156, § 6, "a person aggrieved by an order, sentence, decree, or denial of a probate court" may appeal to the Supreme Judicial Court. See Pub. Sts. *c.* 49, §§ 32, 74, 79, 86; *c.* 51, § 6. By the Pub. Sts. *c.* 151, § 13, "from final decrees made by a single justice, any party aggrieved" may claim an appeal, &c.; and § 16 has similar provisions. "A party aggrieved" may appeal from the judgment of a trial justice; Pub. Sts. *c.* 155, § 28; or from the judgment of a police or district court. Pub. Sts. *c.* 154, § 39.

In a suit against a town or other municipal corporation, the individual inhabitants are not parties, and cannot be made parties, although their property may be taken to satisfy the judgment, if any, that is rendered against the corporation. *Lane* v. *Weymouth School District,* 10 Met. 462. See *Robbins* v. *Justices of Superior Court,* 12 Gray, 225.

In probate proceedings, it is said that, "in order to give a right of appeal from the judgment of the court, it must appear

that the party appealing has some pecuniary interest, or some personal right, which is immediately or remotely affected or concluded by the decree appealed from." *Lawless* v. *Reagan*, 128 Mass. 592.

In proceedings *in rem*, all persons having an interest in the *res* may appear, and, on showing their interest, be admitted as parties; but these are not proceedings *in rem*, although in some respects they resemble such proceedings. The proceedings in the present case are in the nature of an inquest, to determine whether " it is necessary for the security or convenience of the public that an alteration should be made in the crossing," &c.; and the final decree, if the proceedings are properly taken, is good against all the world, and changes public and private rights. The statutory provisions in the case must be construed in the light of other statutes and decisions relating to similar subjects. In *Commonwealth* v. *Cambridge*, 7 Mass. 158, upon an application for a writ of certiorari, to quash the proceedings of the Court of Common Pleas in laying out a county road, the court said, in effect, that, on a petition under the statutes then existing, the owners or occupiers of land intended to be taken were necessarily parties in interest, and, if they were not mentioned in the petition, but, having notice, came into court and showed their claim of interest, the court would inquire into their claim, and, if it appeared to be well founded, would admit them to show cause against the petition; " when they shall be deemed parties in all the subsequent proceedings."

*Brainard* v. *Connecticut River Railroad*, 7 Cush. 506, was a bill in equity, under the St. of 1849, *c.* 222, § 5, to compel the defendant to build a bridge over a highway as ordered by the county commissioners, pursuant to the Rev. Sts. *c.* 39, §§ 67, 70, and the Sts. of 1842, *c.* 22, and 1846, *c.* 271. The plaintiffs owned land on each side of the railroad, and alleged that, by the neglect of the railroad company to comply with the order of the county commissioners, they had been deprived of the use of the way " as a passage to and from their lands on each side of the railroad, and also deprived of a convenient access from the west side of the railroad to the business part of the village," &c. The bill was dismissed. The court said that the plaintiffs had no power to apply to the county commissioners to make any

order or decree respecting the mode of constructing railroads in crossing highways; that if " the plaintiffs had no right to apply for the decree, and were not in any form parties to the proceedings by which it was obtained, surely they cannot ask to have it enforced; " and that " the general rule of law is well settled, that individuals cannot enforce a public right, or redress a public injury, by suits in their own names. When they suffer a wrong or sustain a damage in common with other members of the community, no personal right of action thereby accrues."

It is undoubtedly the practice of county commissioners to hear all persons who appear and desire to be heard upon the question whether common convenience and necessity require the laying out, altering, or discontinuing of highways, although such persons are not petitioners, and have no other interest in the proceedings than the public generally; but it has never been decided that all such persons have a right to be heard. On general principles of law, if the proceedings cannot injure a person in what the law regards as his property, he would not have the right to become a party to the proceedings, unless the statutes gave him that right; and the rights in highways which one person has in common with the rest of the community are not the private property of that person. Indeed, a person has not a constitutional right to be heard upon the question whether his private property shall be taken for public uses, although he has a right to compensation for it if it be so taken, and to institute proper proceedings therefor. It is wholly a matter of statutory construction whether there shall be a hearing before land shall be taken for public uses, under a statute authorizing the taking, and what the hearing shall be, and who shall be parties to it, or be heard. To permit a person whose only interest is that of the public generally to intervene as a party in public proceedings, when the interests of the public are represented by public officers, would require clear statutory authority.

We are not required to determine whether, under the statutes applicable to this case, if Mr. Aspinwall had sustained damage in his property by the order of the county commissioners, he would be a person interested, so that he would have the right to become a party, and to appeal. One object in giving notice to all persons or parties interested is that the tribunal hearing the

application may obtain all the information necessary to enable it to decide what the "security or convenience of the public" requires, and a person does not become a party by becoming a witness, or by being recognized by the county commissioners as one of the taxable inhabitants interested generally in the proceedings. A person, in the popular sense of the word, may be interested in public proceedings, or may be able to aid tribunals in determining what the public interests require, although his private rights are not affected by the proceedings. Whatever the law may be in the case of a person whose property is taken, we are of opinion that Mr. Aspinwall does not show that he is a person interested, within the general principles of law which determine who may be admitted as parties to proceedings; and therefore he does not show that he is a party aggrieved by the order of the commissioners. The rights of the public, of which he is one, are represented by the selectmen of the town, and he has no private rights affected by the proceedings. The statute giving the right of appeal is general, and, by its terms, neither excludes nor includes a person whose relations to the proceedings are such as Mr. Aspinwall's are; and, if the parties are not to be ascertained by the technical rule that those only are parties by or against whom the proceedings are brought, they must be ascertained by the general principles of law. An examination of the statutes shows that requiring notice to and a hearing of "all parties interested," means no more than requiring notice to and a hearing of "all persons interested;" and that there is no distinction between giving the right of appeal to "any party aggrieved" and giving it to "a party aggrieved."

A writ of prohibition is the appropriate remedy. *Vermont & Massachusetts Railroad* v. *County Commissioners*, 10 Cush. 12. *Day* v. *Aldermen of Springfield*, 102 Mass. 310. *Henshaw* v. *Cotton*, 127 Mass. 60. *Connecticut River Railroad* v. *County Commissioners*, 127 Mass. 50.

*Writ of prohibition to issue.*