E. F. SKINNER, Respondent, v. CITY OF SLATER, Appellant.

Kansas City Court of Appeals, December 20, 1911.

1. **NUISANCES: Sewers: Prescriptive Right to Maintain: Municipal Corporations.** Plaintiff sued to enjoin the maintenance of a sewer discharging sewage in a branch running through plaintiff's land. Defendant claimed that as the sewer had been in use more than ten years before the institution of plaintiff's suit, it had acquired a right to the continued use thereof. The evidence showed, however, that when first constructed the sewer discharged nothing but water, and that the discharge of offensive matter began within less than ten years before the filing of plaintiff's suit. Plaintiff was, therefore, entited to the relief prayed.

2. ——: ——: ——: ——. A sewer constructed without the authority of a municipality may become a public sewer if the municipality afterwards accepts it as such.

3. ——: ——: ——: ——. A mere drain constructed by individuals for their own convenience to carry off surplus water from the premises cannot be considered a public sewer without some affirmative act on the part of the city making it such.

4. **PRACTICE, TRIAL: Parties.** Where an injunction suit against a municipality to prevent the discharge of sewage on plaintiff's property has been tried and taken under advisement, the trial court may properly refuse the request of one of the users of the sewers to be made a party defendant, first, bcause such a request at such a time from one only incidentally affected by the litigation is inconsistent with the usual and ordinary method of court procedure; and, second, because he was not a necessary party to the suit at any stage of the proceeding.

Appeal from Saline Circuit Court.—*Hon. Samuel Davis*, Judge.

AFFIRMED.

*C. P. Storts* and *A. F. Rector* for appellant.

*Dan V. Herider* and *D. D. Duggins* for respondent.

BROADDUS, P. J.—This is a proceeding to en-join the city from the maintenance of a nuisance. The facts are that the defendant is a city of the fourth class and was such during the times of the alleged complaint; that plaintiff was at the time of the trial and since 1902, the owner of a tract of land lying north of the city; that a part of said land, a strip about four hundred feet wide and a quarter of a mile long lies within the corporate limits and that the balance adjoins the city; that the lands are valuable for platting and for selling as lots; that in 1891 the street commissioner of defendant without authority constructed under Main street a title drain; that when first constructed its discharging end was near the lands now owned by plaintiff; that about 1893 this discharge was changed to its present location, but by whom it does not appear; that the drain was used by defendant to carry waste water from its light plant; that in about 1904 the street was paved and manholes were constructed to carry surface water into the drain; that the drain was constructed of ordinary drain title, the joints not being cemented; that since 1891 defendant has continued to use the drain for carrying off the waste water from its light plant, and to carry off surface water from Main street; that at various times since 1891 up to the date of the trial various parties have attached sewer pipes to the drain for the purpose of carrying off sewage from water closets, bath rooms, livery stables, laundries, hotels, restaurants and residences, some of which were connected as late as 1909; none of which were made by authority of defendant. There is no record of the city to show that the drain was constructed as a sewer or treated as such by the city or that any one was given any permission to use it as such.

The evidence shows that the discharge from the drain fouls the water that runs at times in a branch

through plaintiff's land and that thereby the atmosphere is made offensive. The defendant was duly notified in writing that the drain was a nuisance and requested to abate it. The defense set up is adverse user for ten years and a plea of the Statute of Limitations. The court found that the drain was a nuisance and entered a decree requiring the city to abate it from which it appealed. The contention of the city is that as the sewer was constructed and maintained since the year 1893, it had the vested right to use it as such by limitation and prescription. It is true that the right to maintain a private nuisance can be acquired by adverse and exclusive enjoyment for the length of time prescribed by the Statute of Limitations for the acquisition of title to land. Marble Co. v. Gaslight Co., 128 Mo. App. 96, and authorities cited. But there is nothing in this case to show that the city has acquired any such right to maintain the nuisance in question, as it at no time by any act whatever exercised any jurisdiction of the sewer since it was used as such and made no use of it for municipal purposes, except since 1903, it began for the first time to use it as a drain for the purpose of carrying off the surplus water from its light plant. And such use did not constitute any part of the nuisance complained of. Because the city permitted others, prior and since 1903, to use the drain as a sewer to carry offensive matter was in no sense an adverse and exclusive enjoyment of its use as such for a period of ten years. A sewer constructed without the authority of a municipality may become a public sewer if the municipality afterwards accepts it as such. [Akers v. Kolkmeyer, 97 Mo. App. 520.] But we cannot conceive how a mere drain constructed by individuals for their own convenience to carry off surplus water from their premises can be considered as a public sewer without some affirmative act on the part of the city making it such.

The defendant falls into the error of treating the drain as a sewer since it was first constructed to carry off surplus water which was more than ten years before the commencement of plaintiff's action, but he leaves out of consideration the fact that it was not used as a sewer to carry off offensive matter and became a nuisance until 1901, and therefore, the Statute of Limitations does not apply as the plaintiff's action was begun in 1909.

After the cause had been heard and taken under advisement by the court, George J. Dyer, one of the parties who was using the sewer, made application to be made a party to the proceeding. The court dismissed his application and this action of the court is assigned as error. In the first place, we do not believe that a proper regard for the usual and ordinary method of court procedure would permit a party to interpose in a case on the ground that his rights would be incidentally affected in the litigation, after the case had been heard and submitted to the court for judgment. Secondly, it was not necessary that he should be made a party to the suit had he made timely application for the purpose. [Kortjohn v. Seimers, 29 Mo. App. 271; Browning v. Hilig, 69 Mo. App. 594; State ex rel. v. Hudson, 86 Mo. App. 501.] Finding no error in the cause it is affirmed. All concur.