## G. D. ADDISON, Appellant, v. DENT COUNTY SAVINGS BANK OF SALEM, MISSOURI, et al., Respondent.

**Springfield Court of Appeals, December 16, 1920.**

1. **BANKS AND BANKING: Plaintiff's Wife Improperly Joined in Action to Recover Deposits.** In a depositor's action against a bank to recover deposits paid out by it on checks drawn by plaintiff's wife against his account, where no relief was sought against the wife, it was error for the court to make such wife a party defendant, notwithstanding Revised Statutes 1909, section 1732, providing that interested persons may be made defendants, and section 1849, authorizing the court to order new parties brought in view of section 1734, allowing a plaintiff to use all or only part of those liable.

2. **HUSBAND AND WIFE: Wife's Authority to Draw Checks Held Terminated.** In a depositor's action against a bank to recover deposits drawn out by his wife, where it appeared that the wife had been authorized to draw checks, but that the bank had notice that plaintiff and his wife had separated, and that a divorce suit was pending, *held* that the wife's authority to draw checks had been terminated, and that the bank could not be protected as an innocent party.

Appeal from Dent County Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*Cope & Cope* for appellant.

(1) The appellant, G. D. Addison, filed this suit against the Dent County Savings Bank for money had and received. The said bank in receiving plaintiff's money on current deposit immediately started the relation of debtor and creditor existing between them. Butcher v. Butler, 134 Mo. App. 61; O'Grady v. Stotts City Bank, 106 Mo. App. 366; Arnold v. Sedalia Nat'l Bank,

100 Mo. App. 474. (2) There is only one section of the statutes on which Clara Addison stood in making her request to be made a party defendant in this action and that is section 1732, R. S. 1909. This section provides that "any party may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." This section has been construed time and time again by our courts and it is universally held that the plaintiff may make any such party a party defendant and "there is no law authorizing any person to be made a party defendant, upon his own demand, in a suit previously pending, because his interest may be affected by the controversy in some collateral way. It means only that a plaintiff may make any such person a defendant if he chooses. Kortjohn v. Seimers, 29 Mo. App. 271; Browning v. Hilig, 69 Mo. App. 594, 596; Skinner v. Slater, 159 Mo. App. 589, 592; State on inf. May v. C. R. I. & P., 193 S. W. 932.

*McGee & Bennett* for respondents.

(1) The fact that the intervening defendant was the wife of appellant would be no bar to her right to be made a party. Rice, Stix & Co. v. Sally, 176 Mo. 107; R. S. 1909, sec. 8304. (2) Arguing for the limited construction of sec. 1732, appellant has been led into a grave fallacy; for they make bold to assert, "Certainly plaintiff is entitled to determine who he shall sue, if he sues the wrong party it is his own loss and no one can object except the original defendant." They overlook sec. 1849, which enjoins upon the court the solemn duty of ordering new parties to be brought in when a complete determination cannot be had without them. The construction placed on this statute is that the court may and should of its own initiative require them to be brought in. When advised as to the situation by the bank's answer and Mrs. Addison's motion, it was the duty of the court to require her to be made a party. R. S. 1909, sec. 1849; Judy v. Farmers & Traders Bank, 70 Mo. 407; O'Fallon v. Clopton,

89 Mo. 284. (3) Had this money not been previously paid out to the intervening defendant, the bank would have had the unquestioned right to have required her to be brought in, under Laws 1915, page 148. And the mere fact that the money had already been paid out did not change the issue, viz., "To whom did the money belong," nor when the money was paid out in pursuance to a previous understanding should the bank be deprived of the right to have this matter completely adjudicated by the real parties in interest. If she is a necessary party under this statute she is a necessary party after she gets the money, all the more so, because one suit should determine the whole controversy, not only between plaintiff and the bank, the bank and the intervener, but between the plaintiff, the bank and the intervener. Laws 1915, page 148, sec. 94; Bathgate v. Exchange Bank of Chula, 205 S. W. 875. (4) The wife does not lose the title to her property reduced to the possession of her husband, unless she consents thereto in writing. R. S. 1909, sec. 8309.

STURGIS, P. J.—The plaintiff sued defendant bank to recover the amount due him as a depositor, alleging that he had on deposit in said bank the sum of $1508.57 which said bank had refused to pay him on demand. The answer of the bank admitted that it held the sum of $1465.13 deposited in the name of plaintiff but that same was a joint account of plaintiff and his wife, Clara Addison, and that plaintiff had consented that his wife, Clara Addison have authority to draw checks on such account, which she had been doing for a number of years, and that during the month of December, 1919, the defendant bank had paid out all the money to plaintiff's credit to Clara Addison on checks drawn by her. The bank's defense as stated in its answer depended solely on the authority of Clara Addison to draw out said money on her checks. Thereupon Clara Addison filed her motion to be made a defendant in said cause on the grounds afterwards set up in her answer and the court sustained the motion over plaintiff's objection. She then filed her answer setting up, in addition to the alleged authority given her by plain-

tiff to draw checks against the funds deposited in his name, that the entire funds deposited in his name was in truth and in fact her money which plaintiff had taken without her consent in writing. Two issues were presented: (1) that, though the money on deposit belonged to plaintiff, yet because of the authority given by plaintiff to his wife to check same out, the defendant bank should be protected in so doing; and (2) that, though deposited in plaintiff's name, this money really belonged to his wife and the bank should be protected in paying it over to her. These issues were tried and submitted to the jury resulting in a verdict and judgment for defendants. Only the first of these issues was raised by the bank; the second was raised by the wife.

A serious question arises on the right of the wife to be made a defendant on her own motion and over plaintiff's objection and to defend the action on an issue not raised by the only defendant plaintiff wished to sue and against whom alone he asked any relief. The plaintiff never amended his petition so as to make Clara Addison a defendant and never asked any relief against her. There are two sections of our statute invoked by defendants as justifying the court's action. Section 1732, Revised Statutes 1909, provides that "any person *may* be a defendant who has or claims an interest in the controversy adverse to plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein." This section would apparently leave it discretionary with plaintiff to say whom he will make a defendant within the limits fixed therein. And so it has been construed (Kortjohn v. Seimers, 29 Mo. App. 271), where the court said: "Our statute provides that any person may be a defendant who has or claims an interest in the controversy adverse to plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. [Revised Statutes, sec. 3465.] This means that a *plaintiff* may make any party thus situated a defendant to the action, and not that any party may insist on being made a defend-

ant to any legal controversy which is likely to affect his interest in some collateral manner. The latter construction would lead to the most absurd results, and results entirely at variance with our methods of legal procedure." This case was followed in Browning v. Hilig, 69 Mo. App. 594, 596; Skinner v. Slater, 159 Mo. App. 589, 592, 141 S. W. 733; State ex rel. v. Railroad, 193 S. W. 932. The Kortjohn case said that a contrary rule would lead to absurd results. Such results appear here in that a third party is made defendant against whom no relief is asked by plaintiff and such party is permitted to raise by its answer a defense not raised by the named defendant though for its benefit. Defendant also cites section 1849, Revised Statutes 1909, as authorizing the court's action in making Clara Addison a party defendant. That section provides that: "When a complete determination of the controversy cannot be had without the presence of other parties, the court may order them to be brought in by an amendment of the petition, or by supplemental petition and a new summons." This section relates to amendment of pleadings and expressly provides that the new party shall be brought in by an amendment of the petition or by supplemental petition. If the rule that the issues are to be framed and limited by the pleadings and the procedure and judgment are to conform thereto it would seem necessary to amend the petition on bringing in new parties. A plaintiff should certainly not have judgment against a party when none is asked. Should a plaintiff refuse to amend his pleadings when ordered to do so under this section the court could doubtless dismiss the cause.

We are cited to and have examined several cases where third parties have been allowed to become defendants against the objection of plaintiff. [State ex rel. v. Hudson, 86 Mo. App. 501; Green v. Conrad, 114 Mo. 651, 21 S. W. 839; State ex rel. v. Allen, 124 Mo. App. 465, 103 S. W. 1090; Wegenka v. City of St. Joseph, 212 S. W. 71.] Whether these cases can be reconciled with the cases first mentioned we are not prepared to say. Most of them present some special feature as where the

party ultimately liable is made a party so as to allow a just counterclaim or set-off so as to prevent rank injustice or where a demurrer would lie for defect of parties. Section 1734, Revised Statutes 1909, should not be lost sight of in determining this question. It is there provided that every person who shall have a cause of action against several persons and who shall be entitled to only one satisfaction may sue all or only part of those liable. Because of this section it was held that a municipality could not by ordinance compel the person injured to sue both tort feasors though the one omitted was ultimately liable to the one sued by way of contribution or indemnity. [Badgley v. City of St. Louis, 149 Mo. 122, 50 S. W. 817; Noble v. Kansas City, 95 Mo. App. 167.] In the present case the only reason we perceive for making Clara Addison a party defendant is that, if the bank was not justified in paying the money to her on her check, then she might be held for money wrongfully had and received. If the plaintiff had no cause against her on the facts of this case, then he could not make her a party defendant; and if he had a cause of action against both of them, then under section 1734, supra, he had a right to maintain his action against the one only. We think the court erred in making Clara Addison a party defendant under the facts presented. We see no reason, however, why defendant bank could not alone, by amending its answer, avail itself of all the defenses raised by it or Clara Addison.

An examination of all the evidence convinces us that the defendant bank failed to sustain, and the court should not have submitted to the jury, the issue that, granting that the money in the bank to plaintiff's credit was his money, yet the bank was justified in paying it over to Clara Addison, his wife, on her check. Relative to this issue the pertinent facts are that Clara Addison had separated from her husband some twenty days before drawing out this money on her check and shortly before so doing had instituted a suit for divorce and alimony. These parties had lived together a good many years without discord. Plaintiff was running a newspaper, a bottling plant and some other enterprises. The

wife had invested considerable of her own money in his business or permitted him to so use it. The bank account was kept at all times in his name. The wife took a more or less active interest in the business, which was conducted also in his name, and often looked after collections and made deposits. She also at times, especially in his absence, paid the employees and other current bills connected with the business and in so doing signed the checks. She was also permitted to and did draw checks to pay the current family expenses and for small sums of money for her own and family use. This had been going on for years and the officers of defendant bank say that plaintiff not only permitted this but expressly authorized it. Under the authority so given defendant bank says it was authorized to and did pay her the sum of $1500 on her check, exhausting his account. We note, however, that the course of dealing mentioned was while plaintiff and Clara Addison were living together as husband and wife. She was acting more as his agent than otherwise in drawing checks on his bank account and same were drawn in connection with his business and to pay current bills and expenses. When she separated from him and began shaping proceedings for permanent divorce and separation all this was changed. How radical was the change needs no elaboration. They became as strangers an antagonistic. The checks thereafter drawn were not for the payment of current bills and family expenses to which he was consenting but were solely for the purpose of placing the money beyond his control and to enable her to use it as she saw fit. The defendant bank knew these facts—knew the changed relation of the parties and the changed purpose for which Clara Addison was withdrawing this money and that plaintiff was not consenting to it. Her father and brother were chief officers of the defendant bank and she was herself a director. After her separation from plaintiff she again became a member of her father's family. The father and brother not only knew of the separation but of the divorce suit then instituted. They handled the money for her, transferring it from his name to hers. If they did

not actively advise her to check this money out for her own use pending the divorce litigation they knew the motive and purpose of her so doing. We must hold therefore that whatever authority was given to or exercised by Clara Addison while she and her husband were living together in amity as man and wife ceased because of the changed relations of the parties and the wholly different purpose for which subsequent checks were drawn; that the defendant bank is in no way to be protected as an innocent party. It became the province of the court in the divorce suit to protect the wife by suitable allowance for temporary alimony and she could not arbitrarily appropriate this money for such purpose.

The cause is therefore reversed and remanded.

*Farrington* and *Bradley, JJ.,* concur.