A. G. SANDERS, Appellant, v. HARVEY BANKS and ED. OWENS.—114 S. W. (2d) 1021.

Division One, April 1, 1938.

312

*Von Mayes* and *Fred L. Henley* for appellant.

*O. E. Hooker* for respondents.

BRADLEY, C.—This is an action to determine title to forty acres of land in Pemiscot County. Defendant Banks filed disclaimer. Defendant Owens denied that plaintiff had any interest in the land, but alleged that plaintiff claimed some interest, and asked that the court determine title. The court found that defendant Banks and plaintiff had no interest, and that defendant Owens was owner in fee. Motion for new trial was overruled and plaintiff appealed.

Plaintiff's claim is based upon the following facts. October 3, 1931, the county collector, to the use of Drainage District No. 8, filed suit against Frank Baird (then actual and record owner of the land in question) and St. Francis Levee District, to recover delinquent drainage taxes against the land, and due said drainage district. Process was duly issued and served, and on December 15, 1931, the drainage tax suit went to judgment. Special execution was issued February 16, 1932, and the land was advertised and sold under this execution March 30, 1932. Plaintiff bid in the land at this sale and received sheriff's deed dated March 31, 1932, and duly

acknowledged April 1, 1932. This deed was not filed and recorded till February 20, 1934.

Defendant Owens claims title on the following facts. September 26, 1931, the collector filed suit for State and county taxes due on this land. This suit was against Frank Baird (then actual and record owner), St. Francis Levee District and Drainage District No. 8. Process was duly issued and served, and this suit went to judgment April 18, 1932. Special execution was issued October 3, 1933, and the land was advertised and sold under this execution November 24, 1933. At this sale defendant Banks bid in the land and received sheriff's deed dated November 24, 1933, and duly acknowledged November 27, 1933. This deed was filed for record December 2, 1933.

December 7, 1933, defendant Banks and his wife, by warranty deed conveyed the land to defendant Owens. This deed was filed for record December 7, 1933, on same day of its execution.

Plaintiff (appellant), as stated, got his sheriff's deed at the drainage district tax sale April 1, 1932, and the suit for State and county taxes did not go to judgment till April 18, 1932. In this situation, he contends that it was the duty of "the collector to make him a party to the suit for State and county taxes before proceeding to judgment in such suit." When the State and county tax suit was filed, Baird was both the actual and the record owner, and therefore there can be no question about the suit being commenced against the proper defendant. Drainage District No. 8 was also made a party defendant in the State and county tax suit, hence there is no complaint in that respect. The lien for State and county taxes was paramount to all other claims, liens, etc. There is no dispute on that.

Section 9953, Revised Statutes 1929 (Mo. Stat. Ann., sec. 9953, p. 7995), and in force at the time the State and county tax suit was filed, among other things, provided that "all actions commenced under the provisions of this chapter shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the collector, and against the owner of the property, if known, and if not known, then against the last owner of record, as shown by the county or city records at the time the suit was brought." Counsel for appellant contends that the word *prosecuted* in said section should be construed to refer "to proceedings subsequent to the institution of the suit." And on this construction, contends that, since plaintiff purchased the land at the drainage suit tax sale subsequent to the filing of the State and county tax suit, and before that suit went to judgment, the collector should have made him a party defendant so that he would have had notice and opportunity to protect his interest. Plaintiff's able counsel, in this respect, says: "When the ownership of the land in a legal and bona fide transaction changes, pending the

suit (State and county tax suit), and this fact becomes known to the collector,'' then the collector should, before proceeding to judgment, make the new owner a party defendant.

There was no parol evidence introduced. Plaintiff introduced all the proceedings, including the sheriff's deed, in the drainage district tax suit; and defendant Owens introduced all the proceedings in the State and county tax suit, including the sheriff's deed to Banks, and Banks' deed to him (Owens). There was no showing whatever that the collector, at the time the State and county tax suit went to judgment, had any knowledge that plaintiff had any interest in the land. For convenience, we repeat that the State and county tax suit went to judgment April 18, 1932, while plaintiff did not file for record his sheriff's deed received in the drainage district tax suit sale, till February 20, 1934. We do not mean to imply that, had plaintiff's deed been of record when the State and county tax suit went to judgment, that such would have required the collector to make plaintiff a party defendant before proceeding to judgment. Such question is not before us.

We think the ruling in Millerson et al. v. Doherty Land & Cattle Co. (Mo.), 241 S. W. 907, is decisive of the present case. The Millerson case was to quiet title, and a decree for plaintiff was affirmed. Plaintiff's title depended on a sheriff's deed based on a tax sale. One of the contentions of defendant was that the sheriff's deed conveyed no title because the tax suit defendants ''parted with whatever title they had to the land before the suit for taxes was commenced.'' The tax suit was commenced against the record owners ''nearly two years after they had conveyed the land,'' but their grantee did not record his deed until several years after the tax suit sale. The court said: ''The staute in force at that time required such actions to be prosecuted 'against the owner of the property.' [Sec. 7682, R. S. 1889.] But, in the absence of information to the contrary on the part of the collector, or the purchaser at the tax sale, the owner of the property, within the meaning of the statute, was he who appeared by the record to be the owner.''

What is now Section 9953, Revised Statutes 1929, and in force when the State and county tax suit involved here was filed, and quoted in part, supra, was amended in 1909 (Laws 1909, p. 724). At the time of filing the tax suit involved in the Millerson case the statute required that all tax suits be commenced ''against the owner of the property.'' But in 1909 there was added immediately after the phrase quoted, the following: ''if known, and if not known, then against the last owner of record as shown by the county or city records at the time the suit was brought.'' In the Millerson case the court stated the law in this State to be: ''A purchaser under a judgment in a back tax suit to which the person appearing by the

registry of deeds to be the owner was made a party defendant, in the absence of notice on his part and that of the collector that such party was not the true owner, will be protected in his purchase against the holder of an unrecorded deed from such apparent owner.''

It is suggested that plaintiff in the present case, on his own motion, could not have been made a party defendant in the State and county tax suit. As supporting this suggestion, Addison v. Dent County Savings Bank, 205 Mo. App. 622, 226 S. W. 322, and State ex rel. Fischer et al. v. Vories, 333 Mo. 197, 62 S. W. (2d) 457, are cited. We do not think either of these cases support such conclusion. In the Addison case plaintiff brought suit against the bank to recover for checks drawn by plaintiff's wife. The wife came in and moved to be made a party defendant. Plaintiff objected, but she was made a defendant. When the checks were drawn by the wife, there was a divorce suit pending between the husband and the wife, and the court said that these checks were not drawn ''for the payment of current bills and family expenses to which he (the husband) was consenting, but were solely for the purpose of placing the money beyond his control and to enable her to use it as she saw fit,'' and that the bank ''knew these facts.'' Under the facts it was held that it was error to make the wife a party defendant.

State ex rel. v. Vories, supra, was an original proceeding in mandamus in this court to compel a circuit judge to allow relators, resident tax paying citizens of the county, an appeal from a judgment against the county on some county warrants. The relators had sought to be made parties defendant in the suit against the county and they were ''heard in the trial of the suit.'' Judgment went against the county on all the warrants, and the county did not file motion for a new trial. But the six taxpayers filed a motion for a new trial which motion was overruled. Then they filed affidavit for appeal on 154 of the counts in the petition, but appeal was refused, and the mandamus suit followed.

It was held that these taxpayers were not necessary parties defendant to a complete determination of the suit on the county warrants and could not appeal, that in no event could these taxpayers be more than collaterally affected.

Section 701, Revised Statutes 1929 (Mo. Stat. Ann., sec. 701, p. 910), provides, among other things, that ''any person claiming title . . . to real estate may be made a party plaintiff or defendant, as the case may require.'' We cannot conceive that the circuit court would have denied plaintiff's right to be made a party defendant in the State and county tax suit, had he sought to be made such party.

The judgment should be affirmed and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur, except *Hays, J.*, absent.