HENRY KORTJOHN, Receiver, etc., Respondent, v. P. LOUIS SEIMERS *et al.*, Defendants, and HERMAN NOENNINGER, Intervenor, Appellants.

St. Louis Court of Appeals, February 14, 1888.

1. PRACTICE—INTERVENTION OF NEW PARTY.—No law authorizes any person to be made a party defendant, upon his own demand, in a suit previously pending, because his interest may be affected by the controversy in some collateral way. Section 2465, of the Revised Statutes, means only that a plaintiff may make any person a defendant, who has or claims an adverse interest in the controversy, or who is a necessary party to a complete determination of the questions involved therein.

2. ——— INTERPLEADER—The debtor, and not the creditor, is the proper party to institute a proceeding by interpleader. An answer filed, in the nature of a cross-action demanding affirmative relief, by one not an original party, upon leave given against the plaintiff's consent, and which shows no color of title in either of the original parties, and no disclaimer on the part of the pleader, is not an interpleader proceeding, as known to the law, but is irregular and unauthorized for any purpose.

3. ——— ACTION AGAINST A RECEIVER.—An answer in the nature of a cross-action against a lawfully appointed receiver is inadmissible, without leave to file granted by the court which appointed the receiver.

4. ——— LEGAL AND EQUITABLE RIGHTS—TRIAL WITHOUT A JURY. Where the matters in controversy are so blended, of both legal and equitable cognizance, that equity only can afford complete relief, there is no error in the refusal of a trial by jury.

5. ——— APPELLATE—ERRORS NOT PREJUDICIAL, WHEN. — Errors committed by the trial court are not to be held prejudicial, when it is manifest from the undisputed facts that the judgment was for the right party.

APPEAL from the Cape Girardeau Court of Common Pleas, HON. ROBERT L. WILSON, Judge.

*Affirmed.*

R. B. OLIVER and J. W. LIMBAUGH, for the appellants: This is an action at law and defendants were

entitled to a jury. *Peacock, Adm'r, v. Nelson*, 50 Mo.
256; *Ragan v. McCoy*, 29 Mo. 357; *Smith v. Beef
Canning Co.*, 14 Mo. App. 522; s. c., affirmed, 74 Mo.
154; Rev. Stat., 1879, sec. 3600. The notes and deed of
trust executed at the same time to secure them are to be
construed together. They form parts of the same trans-
action. *Brownlee v. Arnold*, 60 Mo. 79; *Waples v.
Jones*, 62 Mo. 440. This trustee had the right and it
was his duty to hold the proceeds of the sale until the
court settled the rights of those claiming the same; and
the judgment of the trial court in charging him interest
on that amount, in the face of his answer and the tes-
timony, is against the law. *Child v. Mann*, L. R. 3
Eq. 806; *Lozier's Ex'rs v. Van Saun's Adm'r*, 2 Green
Ch. 325; *Yates v. Tisdale*, 3 Edw. Ch. 71; 3, Bispham's
Princ. Eq., ch. 2, p. 380 *et seq.*, secs. 420, 422. H. P.
Seimers is not mentioned at all in the first count of the
petition, and a judgment upon the first count would not,
therefore, "affect all the parties to the action." Such
pleading is in the teeth of the code. Rev. Stat., 1879, sec.
3512; *Doan v. Holly*, 25 Mo. 357. The second count
does not charge H. P. Seimers with insolvency or with
fraud, and does not state facts sufficient to constitute a
cause of action. He does not charge that he is remedi-
less, or state any facts from which an inference may be
drawn that the aid of a court of equity is required to
obtain full and complete satisfaction. *Dunham v. Cox*,
10 N. J. Eq. 437; *Harris v. Taylor*, 15 Cal. 348.

KLEIN & FISSE, for the respondent: The substan-
tial merits of this case have been reached by the court
below in its judgment, and no errors were committed by
said court against the appellants materially affecting
the merits of the action. The action of the court below
in refusing a jury trial to the appellant, Noenninger,
was not error of which appellants can complain, because
he was not properly a party to the suit, and the court
had erred in granting leave to Noenninger to intervene
in the case as a defendant, or to file any pleading whatever

in the case. He had not obtained leave of the court which appointed the receiver to sue him; and a suit against a receiver cannot be instituted without leave of the court which appointed him receiver. *Heath v. Railroad*, 83 Mo. 617, 622; *Combs v. Smith*, 78 Mo. 32, 38; *Turner v. Railroad*, 74 Mo. 602, 604; *Thompson v. Scott*, 4 Dillon, 508; *Parker v. Browning*, 8 Paige Ch. 388, 391; *Hazelrigg v. Bronaugh*, 78 Ky. 62; *Railroad v. Railroad*, 46 Vt. 792, 798; *DeGroot v. Jay*, 30 Barbour, 483; *Kerr v. Breckenridge*, 96 Ind. 69; *Skinner v. Maxwell*, 68 N. C. 400, 404; *Telegraph Co. v. Telegraph Co.*, 7 Bissell, 367; *Robinson v. Railroad*, 66 Pa. St. 160; *Davis v. Gray*, 16 Wallace, 203, 218; *Wiswall v. Sampson*, 14 Howard, 52, 65; *Barton v. Barbour*, 104 U. S. 126. Not even by consent of receiver can he be sued without leave of court. *Kennedy v. Railroad*, 3 Fed. Rep. 97, 99. Nor is the rule restricted to controversies concerning property actually in the hands of the receiver. *Ames v. Trustees*, 20 Beavan, 322, 353; *Hazelrigg v. Bronaugh*, 78 Ky. 62; *Steele v. Sturgis*, 5 Abb. Prac. 442; *Rutter v. Tablis*, 5 Sand. S. C. Rep. 610; *Wiswall v. Sampson*, 14 Howard, 52. To such a controversy, Noenninger was not a proper or necessary party. The action is not one for the recovery of money only in which Noenninger could demand a jury trial. The judgment against Herman P. Seimers, who " was cognizant of, and participated in, said fraud and fraudulent purpose," of the trustee, is correct. He figures merely as the cats-paw of the trustee. The facts alleged in the petition, as against Herman P. Seimers, are sufficient to entitle the plaintiff to the relief prayed and granted.

ROMBAUER, J., delivered the opinion of the court.

The record in this case presents propositions which are peculiar. The facts may be briefly stated thus: January 31, 1885, the appellant, Noenninger, executed a deed of trust whereby he conveyed certain property

in the city of Cape Girardeau to the appellant, Louis Seimers, to secure to Singer & Berg, the payees, the payment of three promissory notes bearing even date with the deed, and payable as follows : One for $2,160, due August 25, 1885 ; one for $1,245, due November 25, 1885, and one for $1,245, due February 25, 1886, all bearing interest at the rate of eight per cent. per annum from date.

In May, 1885, a settlement of some sort was had between Noenninger and Singer & Berg, which resulted in a credit of six hundred dollars being endorsed on the note last maturing.

On the twenty-ninth of July, 1885, the plaintiff was appointed receiver of the firm of Singer & Berg, by the circuit court of the city of St. Louis, and as such receiver, among other assets of said firm, took possession of the two notes last maturing. The note for $2,160 was transferred by the firm, prior to its maturity, for value, to Stillwell & Bierce.

After plaintiff's appointment as such receiver, he, conjointly with the representative of Stillwell & Bierce, made a written demand upon the trustee to execute the powers of sale conferred upon him by the deed of trust ; such deed containing a provision that, upon the non-payment of either of the notes at maturity, they all should become due and payable, whether payable upon their face or not.

In pursuance of this request the trustee sold the property, November 28, 1885, and realized upon such sale forty-five hundred dollars. Out of this amount he paid the note of $2,160, first maturing, and interest thereon in full, amounting to $2,304, leaving in his hands to be appropriated to the two notes last maturing, a net amount of $1,838.75. This amount, the plaintiff, as holder of such notes, demanded of him, but he refused to pay it over, claiming that Noenninger, the grantor, set up some claim to the money.

The plaintiff thereupon, having first obtained leave so to do from the circuit court of the city of St. Louis,

brought this action against the trustee and his son, Herman P. Seimers. The petition contained two counts. The first, after stating the facts above recited, asks a money judgment against the trustee. The second states that Herman P. Seimers, one of the purchasers at the trustee's sale, holds the property for the benefit of the trustee, his father; that this is a mere resulting trust; that the deed to the son was made in fraud of the plaintiff's rights; that no money was ever paid, either by the son, father, or any one else, for one-third interest in the said property, at the trustee's sale, to the trustee or any one else, but that such one-third is still liable, in the hands of the father and son, to the lien of said $1,838.75, and interest.

The defendants, P. Louis and Herman Seimers, first filed an answer raising the general issue. The former subsequently withdrew this answer, and filed his separate answer. This answer admits the trust, the sale, and the amount realized from the sale and in the defendant's hands, as claimed by the petition, and denies all other allegations of the petition. It further states that both the plaintiff and Noenninger claim the fund in the hands of the defendant trustee, and have threatened to sue, and did sue, process out against him. The answer fails to state any color or right in either of the parties, and concludes with an offer to pay the sum in defendant's hands to whomsoever the court may direct, but not with an offer to pay the same into court.

Noenninger thereupon applied to the court to be made a party defendant, claiming that he had an interest in the controversy adverse to the plaintiff, and was a necessary party to the complete determination of the question involved therein. The plaintiff resisted this application, but the court granted it, and Noenninger filed his answer. The answer thus filed states that the notes and deed of trust were given by him as consideration for the erection of a mill, under a contract by Singer & Berg; that Singer & Berg had violated

their contract. It then states two successive breaches of the contract, claiming affirmative judgments against the plaintiff receiver for fifty-five hundred dollars, and nineteen hundred dollars, respectively, on account of such breaches. The answer, in addition, pleads the general issue.

After this answer was filed, the plaintiff moved to strike it out, assigning as reasons that he could not, as receiver, be sued without leave of the court that appointed him, and also that the order permitting Noenninger to file such answer, was erroneous, contrary to law, and without precedent or authority. This motion was overruled. Noenninger thereupon demanded a trial by jury, which the court refused to grant, but proceeded to try the case without the intervention of a jury, and upon such trial found the issues in favor of plaintiff, and made a judgment and decree in conformity with the prayer of plaintiff's petition.

The record is replete with errors resulting from a misconstruction by the court of statutory provisions and of rules governing equity procedures. But as the errors committed were all against the plaintiff, and the finding and decree of the court, the only one admissible under pertinent evidence, so far as the two defendants Seimers are concerned, such errors were prejudicial to neither party.

Our statute provides that any person may be made a defendant who has or claims an interest in the controversy adverse to plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. Rev. Stat., sec. 3465. This means that a plaintiff may make any party thus situated a defendant to the action, and not that any party may insist on being made a defendant to any legal controversy which is likely to affect his interest in some collateral manner. The latter construction would lead to the most absurd results, and results entirely at variance with our methods of legal procedure. We have discussed this

proposition in *Boyer v. Hamilton*, 21 Mo. App. 521, 524, to which we refer.

Nor can the intervention of Noenninger be treated in the nature of an interpleader proceeding. The debtor alone and not the creditor can institute such proceedings. *Hathaway v. Foy*, 40 Mo. 540. Nor is the answer of P. Louis Seimers in the nature of a bill for an interpleader. That answer shows no color of title in either claimant, and does not even contain an express disclaimer on part of Seimers. Nor was any order of interpleader ever made, nor was there any fund in court for which the parties could interplead. In fact the entire proceeding of allowing Noenninger to come in and defend was irregular from beginning to end.

These observations are made irrespective of the fact that Noenninger's answer is in the nature of a counter-claim and seeks affirmative relief against plaintiff. That answer is virtually a cross-action which is prosecuted against the receiver without leave or permission of the court that appointed him, and as such wholly inadmissible for that reason alone. *Thompson v. Scott*, 4 Dillon, 508; *Barton v. Barbour*, 104 U. S. 126; *Hazelrigg v. Bronaugh*, 78 Ky. 62; *Heath v. Railroad*, 83 Mo. 617, 622.

The only facts that the court could try in this case were, whether plaintiff was the legal holder of the notes, whether the balance claimed upon them as due and unpaid was in fact unpaid; whether the balance claimed to be in the hands of the trustee, Seimers, as residue of the proceeds of sale, was or ought to be in his hands; and whether such balance, under the facts of the case, was properly chargeable as a lien upon the property in which such trustee, by a violation of his duties, had acquired an interest at a sale made by himself.

As concerning all these facts there can be no controversy whatever under the evidence, the judgment was for the right party.

A point is made by appellants that the court erred in refusing them a jury trial on the first count of plain-

tiff's petition and on the issues raised by Noenninger's answer. The exception of Noenninger, who was the only one demanding a jury trial, may be disposed of with the remark that, since he never had any standing in court, his rights could not be prejudiced. In regard to the two Seimers who did not expressly waive a jury, we add that the action against them was both legal and equitable, neither of them having paid the one-third of the purchase money, for which both were liable, one as trustee, the other as purchaser. They were also both interested in the question as to whether such balance should be charged as a lien against property of which one held the legal title and in which the other held an equitable interest. These issues were so blended as to make the entire action properly an equitable one.

Judgment affirmed. Judge Thompson concurs. Judge Lewis is absent.