WILLIAM C. BROWNING *et al.*, Respondents, v. JUDSON M. RANDOL, Defendant; DANIEL W. HILIG, Interpleader, Appellant.

St. Louis Court of Appeals, March 9, 1897.

1. **Replevin:** INTERPLEA. An interplea by an adverse claimant of property can not be maintained in an action of replevin in this state.

2. ——: ——: INTERVENTION. Nor can an interplea in such action be treated as an intervention by interpleader to be made a party defendant to the action under section 1993, Revised Statutes, 1889. *Kortjohn v. Seimers*, 29 Mo. App. 271.

*Appeal from the Cape Girardeau Circuit Court.*—HON. HENRY C. RILEY, Judge.

AFFIRMED.

*W. H. Miller* for appellant.

"A party claiming a lien, as by mortgage, on property taken in replevin, will be allowed to intervene and set up his claim. Cobb. on Replev., sec. 444, p. 235; *Albright v. Brown*, 23 Neb. 136, 33 N. W. Rep. 297.

In replevin all parties having an interest in the subject-matter in controversy may be made parties plaintiff or defendant on the order of the court. *Earle v. Burch*, 21 Neb. 702, 33 N. W. Rep. 297. See, also, *Rosenberg v. Solomon*, 114 N. Y. 92, 38 N. E. Rep. 982.

This question does not seem to have been directly passed upon by the courts of Missouri, yet upon prin-

ciple it is clearly laid down in the case of *Talbot v. Mc-Ghee*, 59 Mo. App. 347.

Under sections 1990, 1993, Revised Statutes, 1889, all parties having an interest in the subject-matter in controversy are required to be made parties plaintiff or defendant in a suit touching the title to such property.

No brief filed for respondent.

BIGGS, J.—The defendant Randol, as sheriff, levied upon certain goods as the property of Edward Hicks. The plaintiffs replevied them from Randol. By leave of court the appellant filed in said cause what his attorneys denominate an interplea, in which he claimed to be the sole owner of the goods. On motion of the plaintiffs this paper was stricken from the files. From the order sustaining the motion Hilig appealed.

There is no statute in this state authorizing an adverse claimant of property to interplead in a replevin REPLEVIN: interplea. suit, and no case can be found which supports such a doctrine in the absence of statutory authority. Under the general equity rule governing interpleas, it is only a person who occupies a disinterested position toward the subject-matter of the litigation who may maintain a bill of interpleader, and then only when different persons have laid claim to the property. The ground of the jurisdiction is that in such a case the interpleader is a mere stakeholder, and that in good conscience he ought to be protected against the risk and expense of two or more actions by the rival claimants. *Hathoway v. Foy*, 40 Mo. 540; *Kortjohn v. Seimers*, 29 Mo. App. 271; *Boyer v. Hamilton*, 21 Mo. App. 520. To illustrate the rule: If Randol had been a mere custodian of the property and the plaintiffs and Hilig had made claim to it, he (Randol) might have required them to interplead in order to

relieve himself from the vexation of two lawsuits. It is evident that the proceeding here can not be sustained as a bill of interpleader, and the cases cited clearly settle the question.

But it is insisted that the proceeding may be treated as an intervention by the appellant to be made a party defendant to the action, and that section 1993 of the Revised Statutes of 1889 authorized this to be done. The section reads: "Any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein," etc. This question was decided adversely to the appellant in *Kortjohn v. Seimers, supra*. It was there held that the meaning of this section was "that a plaintiff may make any party thus situated a defendant to the action, and *not that any party may insist on being made a defendant to any legal controversy which is likely to affect his interest in some collateral manner*."

It follows that the judgment will be affirmed. All the judges concur.