J. F. CHARLESWORTH, APPELLANT, v. BLANCH E. JACOB ET AL., RESPONDENTS, HATTIE MORRIS BROWN, INTERPLEADER.

Kansas City Court of Appeals.   February 17, 1930.

*Nourse & Bell* for appellant.

*Lindsay & Kackelhofer* for respondent.

BLAND, J.—This is a suit in replevin. The case was tried before the court without the aid of a jury resulting in a judgment in favor of respondent, designated as the "interpleader." Plaintiff has appealed, having brought the case here upon the record proper, only. Nothing transpiring before the justice is brought here except the transcript of the justice. The transcript recites nothing further than that a cause in replevin was filed in a justice court by plaintiff against Blanch E. and F. E. Jacob; that the chattels involved were taken into possession of the plaintiff on October 8, 1927; that on November 10, 1927, respondent filed a paper in the cause designated as an interplea. The interplea is then set forth. It alleges that the property replevied was not the property of defendants, Blanch E. and F. E. Jacob, and that said defendants had no right, interest or title whatever in or to said property, but that the property was and is owned by Hattie Morris Brown; that said Hattie Morris Brown purchased the property from Henry Schultz who was the owner thereof. The transcript then recites: "On a trial of this interplea before the justice, appellant had judgment, from which respondent duly appealed to the circuit court."

The judgment in the circuit court is then copied in full in the record and recites that the court "finds that the interpleader at the time of the institution of said replevin suit and the seizure of the property thereunder, was and is now the owner and was then and is now entitled to the possession of the following described property." (Here follows a description of the property.) The judgment then recites that:

"The court further finds that the value of the above described property was at the time that the same was seized under said replevin writ and is now of the value of five hundred dollars ($500.00).

"Wherefore, it is considered, ordered and adjudged by the court that the interpleader, Hattie Morris Brown, at her election shall have and recover from plaintiff J. F. Charlesworth, the return to her of the above described property taken as aforesaid, or that in lieu thereof she have and recover from the plaintiff the sum of five hundred dollars ($500.00), the assessed value of the above described property, and also that the interpleader have and recover from plaintiff the sum of one hundred dollars ($100.00) for the wrongful taking and detention of the property, and also for costs of suit and that execution issue therefor."

Plaintiff contends that the court was without jurisdiction of the subject-matter as an interplea in a replevin suit is unknown. It is undoubtedly true that such an interplea is unknown. [Browning v. Hilig, 69 Mo. App. 594.] However, it does not follow that the court in this case had no jurisdiction of the subject-matter. It is well

settled that the appellate court will indulge in all reasonable presumptions in favor of the correctness of the judgment of the trial court (here the circuit court) and it will be presumed on appeal, in the absence of a contrary showing, that that court acted correctly and did not err. [Constr. Co. v. Westen & Kline, 153 Mo. App. 185; Crowl v. Am. Linseed Co., 255 Mo. 305; Griffin v. Franklin, 224 Mo. 667, 682; Peterson v. United Rys., 183 Mo. App. 715; 4 C. J., pp. 731, 732.] The record of the justice brought here is meager and in the absence of a bill of exceptions we may conclude that the circuit court found that the cause in the justice court was tried as it was by consent of the parties. [Inglehart v. Lull, 64 Nebr. 758; Burrell Collins Brokerage Co. v. N. Y. Central R. Co., 219 S. W. 105; Swezea v. Jenkins, 186 Mo. App. 428, 433; Trimble and Fyfer v. Elkin, 88 Mo. App. 229, 236.] Therefore it may be assumed that the same cause was tried in both courts and in the same way. Section 2908, Revised Statutes 1919, provides:

"The same cause of action, and no other, that was tried before the justice, shall be tried before the appellate court upon appeal; *Provided*, that new parties, plaintiff or defendant, necessary to a complete determination of the cause of action, may be made in the appellate court." [See Altheimer v. Teuscher, 47 A. 284, construing the proviso of this section of the statutes.] Whether plaintiff had the power to agree to a substitution of parties defendant in the circuit court, from what we have said it may be assumed, if necessary, that the substitution was made in the justice court by agreement of the parties.

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous. . . .

"A party will not be heard, in the appellate court to attack the validity or propriety of proceedings incidental to the conduct of the trial below, where the proceedings complained of were had at his instance, or were invited or induced by his own conduct." [4 C. J., p. 714.]

"A person who voluntarily became a party to a proceeding below will not be heard in the appellate court either to deny that he was a party, or to question the regularity or propriety of the manner in which he became one." [4 C. J., p. 702.] [See, also Seigel v. Andrews & Co., 181 Ill. 350.] The rule as stated by Corpus Juris in our last quotation from that work ought to apply both ways, that is to say, where one voluntarily permits one to become a party to a proceeding below, he cannot deny that he was a party or question the regularity, propriety or manner in which he became one.

The pleading filed by the respondent in the justice court was denominated an interplea and as before stated, there is no such interplea known in suits in replevin. However, the filing of this pleading by respondent may be regarded as an effort to intervene in the case by a third person by setting up the fact that the defendants in the suit had no interest in the property and that she was the sole owner thereof. It appears that thereafter the cause proceeded between the plaintiff therein and Hattie Morris Brown, the so-called interpleader, as defendant, as the names of the original defendant fail to appear thereafter anywhere in the record. The judgment of the circuit court purports to dispose of the issues and the parties but it nowhere refers to the original parties defendants except the judgment is entered in the cause entitled J. E. Charlesworth, plaintiff, v. Blanch E. Jacob and F. E. Jacob, defendants, Hattie Morris Brown, interpleader. We may assume that while there is no record showing a substitution of parties defendant what amounted to such a substitution was brought about in the justice court either at the instance of the plaintiff or with his consent. Having tried the cause as though such a substitution were made plaintiff is estopped to deny that there was a formal substitution, were one ordinarily necessary.

Plaintiff cites cases holding that the meaning of section 1158, Revised Statutes 1919, providing "any person may be a defendant who claims any interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein" is "that a plaintiff may take any party thus situated a defendant to the action, and not that any party may insist on being made a defendant to any legal controversy which is likely to affect his interest in some collateral manner. [See Kortjohn v. Seimers, 29 Mo. App. 271, 276; Browning v. Hilig, 69 Mo. App. 594, 596; Addison v. Dent Co. Savs. Bank, 205 Mo. App. 622; State ex rel. v. Ry. Co., 193 S. W. 932; Skinner v. Slater, 159 Mo. App. 589.] This statute appears in the chapter relating to practice in the circuit court but were we to assume that it applies to justice courts, these cases are authority for the proposition that respondent might have made defendant a party in the cause and so far as the case in this court is concerned we may assume that he expressly or impliedly consented to the respondent being made a party defendant, and the only party defendant in the cause. If, as plaintiff contends, it was necessary for the court first to have permitted respondent to intervene in the cause before she had any right to do so, then in order to uphold the judgment we may presume, in the absence of a bill of exceptions, that the court gave the necessary permission, either expressly or impliedly, as nothing appears to the contrary. Although there is no such thing in our practice as an interplea in a

replevin suit, the court had jurisdiction of this class of replevin actions and by consent of the parties the controversy was before the court in this manner. There was no legal objection, so far as this court is concerned, to the parties trying the right of possession to the property in the way they did if they saw fit to do so. The parties voluntarily submitted to the jurisdiction of the court, we may assume, and selected this mode of procedure and plaintiff cannot now be heard to call it into question. [Williamson v. Bank, 69 Mo. App. 368, 376.]

The judgment is affirmed. *Arnold, J.*, concurs; *Trimble, P. J.*, absent.