J. F. LANKFORD, APPELLANT, v. J. F. ARNOLD, DEFENDANT; RESERVE REALTY & INVESTMENT COMPANY, INTERPLEADER.—33 S. W. (2d) 995.

Kansas City Court of Appeals. January 5, 1931.

*Howell H. Heck* for appellant.

*D. C. Chastain* for respondent.

BOYER, C.—This action originated as a suit in replevin. Plaintiff Lankford sued defendant Arnold, January 15, 1929, and in his petition alleged that he was the owner and lawfully entitled to the possession of 444 bushels of corn; that defendant wrongfully took said property from the possession of the plaintiff and detains the same to plaintiff's damage. Judgment was demanded for the recovery of the possession of said corn and damages for detention, and in case of impossible delivery that plaintiff have judgment for the value of the corn. An affidavit and bond were furnished by plaintiff; a writ issued, and thereafter the sheriff took possession of the property and by agreement of parties sold it to the Farmers Grain Elevator Company for the sum of $316.21.

On February 8, 1929, the elevator company filed in this case its petition in the nature of a bill of interpleader in which it is stated that by agreement of parties the corn in question was sold to the elevator company and that it now holds the proceeds; that the plaintiff, the defendant, and the Reserve Realty & Investment Company are all claiming the fund in its hands. The petitioner requested permission to pay the fund into court; that it be allowed a fee therefor, and that the Reserve Realty & Investment Company be required to interplead.

The record in the case shows that this petition ''upon agreement of plaintiff and defendant was by the court allowed.'' The elevator company was allowed the sum of $15 for its fee. The cause of action was continued and thereafter at the May term of court the Reserve Realty & Investment Company filed its interplea wherein it is stated that the proceeds of the sale of the corn involved in this action, and which was ordered paid into court for the benefit of the rightful owner, is subject to a lien of a chattel mortgage dated November 14, 1928, given by the defendant Arnold to secure an indebtedness therein described; that the chattel mortgage was duly filed for record, and that by reason of it the interpleader had a lien upon the corn involved in this action and is entitled to the proceeds thereof.

Thereafter plaintiff filed his motion to strike from the files of the case the above interplea for the reason, among others, that the cause of action is in replevin and an interplea in such action is unau-

thorized. The motion was overruled, defendant filed a general denial to plaintiff's petition, and the cause was tried before a jury.

In opening the trial, plaintiff's counsel stated to the jury:

"After this replevin suit was instituted, the sheriff went out there and levied upon the corn. The corn was sold, and the proceeds of the sale was paid into this court, where the money now is. Then the interpleader filed his interplea, asking for the recovery of this money, claiming that they had a chattel mortgage. Now this action is now between Mr. Lankford and the Reserve Realty & Investment Company, to determine the priority."

The evidence shows that about January 30, 1928, defendant Arnold gave his note to plaintiff Lankford in the sum of $300, due twelve months after date. In the early part of November, 1928, plaintiff called upon defendant to see him about the payment of his note which was not then due and would not be due until the 30th of the following January; that he talked with defendant in a corn field on his place; that he went out there to get some money; that he bought 500 bushels of corn at 65c a bushel on the note. Plaintiff says: "I told him that I needed some money and he told me he could let me have corn and I bought 500 bushels at 65c a bushel, and I was to haul it as he shucked it out."

On the following day, plaintiff got fifty-five bushels of corn from defendant's wagon in the field. He did not get any more and was notified by the defendant that no more corn was ready for him. On cross-examination, plaintiff testified that he did not have any understanding as to what part of the land the corn was to come from, but that he was to get 500 bushels that was to be gathered off the land; that he was to haul and weigh it; that defendant was to deliver the corn as he shucked it, and plaintiff was to haul it from his place. Plaintiff got no more corn and gave defendant credit on his note for what he did receive. Later defendant had a sale at which a large amount of corn was sold, at which time plaintiff purchased 1000 bushels which defendant refused to deliver. Plaintiff says that no announcement was made at the sale that the Reserve Realty & Investment Company had a mortgage on any corn. The sale was the latter part of November or the early part of December. Plaintiff is corroborated by a witness who says that defendant agreed to sell him 500 bushels of corn; that defendant would shuck it out and leave it in the wagon; "that Arnold was to let Lankford have 500 bushels of corn at 65c a bushel and Arnold was to let Lankford get the corn ever so often until he got the 500 bushels." Plaintiff further said on cross-examination that he had no understanding as to where the corn was to come from; he was just to get 500 bushels which was to be gathered by defendant; that it had to be weighed;

that it was to be delivered to him somewhere in the field; that he did not care where defendant got the corn.

The evidence on behalf of defendant and interpleader tends to show that defendant did not sell 500 bushels of corn to the plaintiff or agree to such sale, but that defendant did agree to let plaintiff have $100 worth of corn; that plaintiff was to come to the field to get it; there was no understanding about any particular amount; plaintiff was to come and get it after it was shucked. The mortgage in question had not been executed at the time of the conversation; the corn which the sheriff got was covered by the mortgage.

The interpleader's proof showed that without knowledge of any claim of the plaintiff it had taken a chattel mortgage upon the particular corn in question, which mortgage was duly filed for record; and further, that the investment company had no knowledge of the defendant's sale. The mortgage was executed November 14, 1928, covered 175 acres of growing corn, and all corn produced thereon grown in the season of 1928, upon certain lands specifically described and which was occupied by defendant; it secured an indebtedness at the time of $800, upon which there was still due $300. It was filed for record December 6, 1928. It was offered in evidence, called for in the bill, but it is not copied in the bill of exceptions.

The foregoing is the substance of all of the evidence, at the close of which, upon request, the court instructed the jury to return the following verdict.

"We, the jury, find for the interpleader Reserve Realty & Investment Company, and against the plaintiff."

The verdict was returned and judgment followed to the effect that the funds paid into court being the proceeds of the sale of the corn replevied from defendant Arnold be paid to the interpleader, Reserve Realty & Investment Company, and that the amount of the interpleader's mortgage exhausting the funds in the hands of the clerk, it is ordered that the defendant be dismissed.

From the foregoing, plaintiff Lankford has appealed and assigns numerous alleged errors which may be covered by the following: (1) The court erred in assuming jurisdiction of an action in interpleader in a replevin case. (2) The court erred in permitting the Reserve Realty & Investment Company to file an interplea. (3) The court erred in overruling plaintiff's motion to strike the interplea of the Reserve Realty & Investment Company. (4) The court erred in giving the peremptory instruction.

## OPINION.

Points 1, 2, and 3, above indicated, may be considered together and disposed of for the same reason. Appellant attacks the jurisdiction of the court on the theory that the court erroneously and

unlawfully assumed the power to try and did try the issue raised by an interplea in a replevin action. Strictly speaking, under our procedure, an interplea by a stranger to a replevin suit is unauthorized and unknown. [Charlesworth v. Jacob et al., 24 S. W. (2d) 671.] However, it does not follow, as appellant contends, that the trial court erred in exercising jurisdiction under the facts and circumstances appearing in the record. The court did not cause any one to engraft an interplea against the will of plaintiff. It is plainly shown by the record, without contradiction, that the petition of the elevator company, which occupied the position of a mere stakeholder, was filed and allowed by consent and agreement of both plaintiff and defendant. This petition was in all respects a bill of interpleader. Plaintiff consented that it might be filed and allowed and thereby agreed that all claimants of the fund then in court might interplead for the money and thus determine the issues. Thereafter, he had no right to object to the filing of the interplea of the mortgagee, which was named in the bill of interpleader as a claimant, and the court did not err in overruling the motion of plaintiff to strike the interplea.

If plaintiff desired to object to the procedure had in the case, it was his privilege and duty to object at the time the petition of the stakeholder was presented, and then properly preserve his exception to any adverse ruling. No such objection was made, and it was too late to make it when the mortgagee filed its interplea. Instead of objecting, plaintiff consented to the filing of the bill of interpleader and he could not thereafter effectively object to the interplea of any claimant because that right was waived and plaintiff was estopped. The error in the procedure, if any, was invited. [King v. Estate of Stotts, 254 Mo. 198, 209.] Consistency is no less a jewel in legal contests than in other affairs of men, and parties litigant must be consistent in the positions which they voluntarily assume.

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous." [4 C. J. 714.]

The above quotation was copied with approval and applied in the case of Charlesworth v. Jacob et al., supra. Cases holding that a stranger to an action in replevin may not of his own motion have himself made a party defendant and interplead have no application to this situation.

After full consideration of all of the points and authorities presented by appellant, we deem the only remaining point, if it be a point in the case, to be that the court erred in awarding the fund

to the interpleader by a peremptory instruction. Under the evidence detailed in the statement it is apparent that the judgment was for the right party. Plaintiff's proof failed to show any cause of action in replevin or any right to the proceeds of the corn which he claimed to own. The substance and effect of all of plaintiff's proof is that he merely had an executory contract to buy 500 bushels of corn and had received delivery of fifty-five bushels. There is no showing that he purchased any particular corn or the corn which the sheriff took, had no proof of the identity of the corn which he claimed to own and of which he claimed the right of possession. His petition stated that he was the owner and in possesion of the corn. The proof shows that he was not the owner, that no title to the particular corn in question ever passed to him, and that he was never in possession of it. The mere fact that he had an executory contract to buy a stated amount of corn does not create and transfer title to the undelivered corn. The title would remain in the vendor until delivery. [Eisenberg v. Nelson, 247 S. W. 244.] Plaintiff may have his remedy for a breach of the contract, but not in replevin. [Brunke v. Salinger, 8 S. W. (2d) 88, 90.]

Under the circumstances shown in evidence the court had jurisdiction of the subject-matter and of the parties, and the right and power to adjudge and determine the rights and equities of the contending parties. As stated by plaintiff's counsel, the sole issue was between the plaintiff and the mortgagee "to determine the priority." By the choice and conduct of the parties it was a matter that the court could have heard and tried without the aid of a jury. The verdict which the court directed and the judgment which it entered were fully justified.

Appellant has not shown any error on the part of the learned trial court and the judgment should be affirmed. The Commissioner so recommends. *Campbell, C.*, concurs.

PER CURIAM:—The foregoing opinion of Boyer, C., is adopted as the opinion of the court. The judgment is affirmed. All concur, except *Trimble, P. J.*, absent.