In re ADELMAN'S ESTATE.

William ADELMAN, Appellant,

v.

Josephine ROSENBLUM (Executrix), Respondent.

No. 23986.

Kansas City Court of Appeals.

Missouri.

April 6, 1964.

Robert I. Adelman, Kansas City, for appellant.

Harold Waxman, Walter A. Raymond and Raymond, West & Cochrane, Kansas City, for respondent.

BROADDUS, Presiding Judge.

The matters presented in this appeal involve the election of the surviving husband, William Adelman, to take against the Last Will and Testament of his deceased wife, Mary Pener Adelman. This attempted election was denied by the Probate Court of Jackson County. Thereafter an appeal was taken by the surviving husband to the Circuit Court where a judgment was entered affirming the order of the Probate Court entitled "Order Denying Election of Surviving Spouse." From this judgment William Adelman appealed.

Appellant and his deceased wife were married on August 24, 1960. Prior to the marriage and on June 25, 1960, this elderly couple entered into an ante-nuptial agreement in which they listed their separate properties and each agreed that "a full disclosure of their respective properties and estates" had been made.

The contract then provided that each should continue to separately own his or her property possessed at the date of the marriage and have full right to dispose of it at any time during the marriage, and also the

full right of disposition at death free from any marital rights of the other spouse.

It further provided that beginning at the date of marriage they should establish a joint bank account with right of survivorship into which the wife should put one-half of the gross rentals of her real estate (at that time $337.50 per month) and the husband should contribute to said joint account all sums of money he earned from personal service or received as pensions. From this account they would pay their household and other expenses. In the event the wife sold her real estate she was to make monthly contributions to the joint bank account in sums equal to one-half of the gross rental value of said property at the time of sale.

The contract expressly excepted from its provisions "any property or estate which the parties hereto may acquire jointly or by the entireties during their marriage." It also expressly excepted from its provisions "any property acquired or accumulated by the parties jointly from and after the date of the marriage."

The contract further provided that in the event of divorce or separation neither party should have any claim against the property belonging to the other prior to their marriage.

It then provided that in the event the wife died first the husband should not share in any of her estate possessed by her at the time of their marriage "and by signing this agreement party of the second part (husband) waives and relinquishes and quitclaims any and all interests, rights, title or claims of every kind and nature, rights to inherit of every kind and nature, and all marital, statutory and dower rights and allowances as surviving widower under any laws providing for the same and any and all statutory rights, claims, allowances and awards as surviving widower or spouse, and rights of homestead and any and all rights in and to the estate of the first party."

The wife in the event she survived the husband in similar fashion waived all her rights in his property owned at the time of the marriage. Mrs. Adelman died on May 27, 1961.

When this case reached the Circuit Court on appeal from the order and judgment of the Probate Court holding appellant's election as surviving spouse was of no force and effect because of the ante-nuptial contract of appellant and his deceased wife appellant filed his written motion for summary judgment on the pleadings, wherein he stated:

"Movant further states that the facts herein are admitted by all parties hereto and there is no dispute as to such; that the only issues before the Court are questions of law; that it is agreeable between all parties hereto that this case and all issues herein be decided by this court on motion."

Respondent also filed a motion for summary judgment on the pleadings claiming the ante-nuptial agreement was a bar to any claims of appellant as surviving spouse as held by the Probate Court. The Circuit Court denied appellant's motion for judgment on the pleadings and sustained respondent's motion.

Appellant first contends that the case was not heard and decided by the Circuit Court *de novo*. From the above it is clear that appellant got exactly the kind of trial he solemnly requested in his pleadings and is in no position to complain.

The following quotation from 5 C. J.S. Appeal and Error § 1508a, page 943 was copied with approval by this court in the cases of Lankford v. Arnold, 225 Mo. App. 844, 33 S.W.2d 995, 998 and Charlsworth v. Jacob, 224 Mo.App. 1014, 24 S.W. 2d 671, 672.

"Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain, on appeal or error, that proceedings had in conformity thereto were erroneous."

Appellant also complains that the Circuit Court did not make definite findings and directions for procedure in the Probate Court. Appellant made no request for such findings until his motion for new trial was filed. Civil Rule 73.01, V.A.M.R. provides unless one of the parties requests findings of fact and conclusions of law *before* final submission the court need not make such specific findings of fact and conclusions of law. See, also, Bonnot v. Tackitt, Mo.App., 265 S.W.2d 748, 750.

Appellant further contends that the ante-nuptial agreement does not fulfill all the requirements of Section 474.120 V.A.M.S. 1949 (as amended) and, therefore, does not constitute a valid bar to his rights of inheritance and other statutory rights. Said section is as follows:

"*474.120. Inheritance and statutory rights barred by ante-nuptial contract.*

"If any person prior to and in contemplation of marriage in agreement or marriage contract with his intended spouse, or other person, receives any estate either real or personal, to take effect after the death of his spouse, or any other time, as a provision for his support during life, and expressed to be in full discharge of all his rights of inheritance or any other statutory rights in the estate of his spouse, such estate shall be valid, and a bar to his rights of inheritance and other statutory rights in the estate of his spouse. (L.1955, p. 385, § 247.)"

The cases upon which the appellant husband relies were based upon Section 469.160 RSMo 1949, which reads as follows:

"*469.160. Marriage contract, when a bar to dower.—*

"If any *woman* prior to and in contemplation of marriage, shall, in agreement or marriage contract with her intended husband, or other person, receive any estate, either real or person-

al, to take effect after the death of her husband, by way of jointure, as a provision for her support during life, and expressed to be in full discharge of all her claim of *dower,* such estate shall be valid, and a bar to *dower* in the estate of her husband. When any lands have been or hereafter shall be conveyed to the husband and wife, or to any other person and their heirs, and to the use of the husband and wife, or to the use of the wife, *for the jointure of the wife, every such married woman having such jointure made shall not claim any dower in the residue of the lands of which her husband was at any time seized.* (R.S.1939, § 334.)" Emphasis ours.

That section applied only when a woman contracted "by way of jointure" to release her claim of dower. It did not apply to a claim by a husband against his wife's estate. Furthermore, no jointure or dower is involved in the contract in question here. But more important, Sec. 469.-160 was repealed by the Probate Code enacted in 1955 which also abolished dower, Sec. 474.110. The ante-nuptial contract in question here was executed in 1960 and the marriage also occurred in 1960. So it is clear that this case is controlled by the statutes in effect at that time, particularly sec. 474.220 which provides:

"Waiver of right to elect

"The right of election of a surviving spouse (to take against the will) hereinbefore given may be waived before or after marriage by a written contract, agreement or waiver signed by the party waiving the right of election, after full disclosure of the nature and extent of the right, if the thing or the promise given to the waiving party is a fair consideration under all the circumstances. The written contract, agreement or waiver may be filed in the same manner as hereinbefore provided for the filing of an election. (L.1955, p. 385, § 258.)"

█ Sec. 474.120, as it existed in 1960, might be contended to overlap or require harmonizing with Sec. 474.220. Construing the two sections together and giving effect to each, it appears that Sec. 474.220 exclusively controls a will case and that Sec. 474.120 applies only to an intestate estate. That such was the legislative intent becomes abundantly clear by the reenactment of such section, as amended, in 1963. In short, under the new code the law as to the validity of ante-nuptial and post-nuptial contracts is the same in both testate and intestate estates.

█ In the instant case, it cannot be soundly urged that there was not full disclosure to the husband nor that the consideration for his contract was unfair. Hence, his attempted election to renounce his wife's will is ineffective.

After this cause was heard in the Probate Court and taken under advisement, the Probate Judge, Hon. Leslie A. Welch, filed a written opinion entitled "Memo on Election to take against Will." That opinion clearly and accurately expresses our own views of the case. It reads as follows:

"In the opinion of this court, the husband, by reason of the ante-nuptial contract, is barred by Secs. 474.120 and 474.220 from receiving any property owned by the deceased except as provided in said contract.

"On the hearing, it was admitted by the husband that each party to the contract had performed their respective obligations (except for the payment by the wife of ½ of the rent of the real estate during the last two months of her life), that there was no failure of disclosure or other fraud by the deceased inducing the execution of the contract, and that the sole issue was whether the contract was valid and enforceable. The husband contends the contract lacked the consideration required by the statute in that 'there was no jointure.'

"Dower was abolished by the new code, and counsel's views anent 'jointure' are irrelevant. His contentions that to be valid a pre-nuptial contract must provide support for the life of the surviving spouse are, in my opinion, quite unsound, either before or after the new code. Even before the new code, in the opinion of this court, the consideration was sufficient if the spouse received any property before or after death 'and expressed to be in full discharge of all his rights of inheritance or any other statutory rights in the estate of his spouse.'

"While there was some confusion in the cases before the new code—see Maus, Probate Law and Practice, Sec. 1241, pp. 439 to 443, Vol. 4—the later cases adopted the better view that irrespective of whether the facts came within the other so-called jointure statute, contracts made in consideration of marriage and mutual waivers of rights in the estate of the other were enforceable if fairly made.

"This court agrees with Mr. Maus when he says:

"'It would be an anomalous rule which under the same circumstances and upon the same consideration would uphold a waiver of a right to renounce a will and yet strike down a jointure or an agreement by which the husband or wife renounced his statutory inheritance and other marital interests.'"

█ "It should be noted that provisions as to 'jointure' and 'dower' in the old statute were omitted in the new section. Instead, the latter authorized the barring by contract of 'inheritance or any other statutory rights of his spouse.' Thus, the contract here bars a claim by the husband to homestead and family support allowance as well as any other participation in the wife's estate, except as authorized by said contract.

"Hence, the attempted election of William Adelman to take against the will is denied."

For the reasons stated by the learned Probate Judge the judgment is affirmed.

All concur.