Lucille HENDERSON, Appellant,

v.

William D. ALLEN et al., Respondents.

No. 53892.

Supreme Court of Missouri, Division No. 2.

April 14, 1969.

widow's right of renunciation of the same. On April 18, 1967, the Probate Court notified plaintiff of her legal right to take against said will. On June 8, 1967, plaintiff filed in the Probate Court her election to take her legal share in the estate and did renounce all provisions "and/or Codicils" in the will inconsistent therewith. To the election, counsel for the executor filed a motion in the Probate Court on July 21, 1967, to disallow and deny the election, on the grounds that plaintiff "did execute a waiver of her rights of election as surviving spouse postnuptially by her waiver signed by her, which waiver appears at the end of each of the will and codicils filed with this court, which waivers have previously been filed with this court with the will and codicils, all as made and provided for under the statutes of Missouri and particularly Section 474.220, RSMo 1959." (V.A.M.S.) *

The inventory in the estate shows real estate in the amount of $201,000, and personal property in the amount of $291,-528.71, hence the jurisdiction on appeal lies in this court.

On September 12, 1967, in the Circuit Court of Cass County, plaintiff filed her petition for declaratory judgment asking that the purported contract agreement or waiver of her election or renunciation rights as to the will be declared void. The essence of the allegations of that petition is that the five purported written contracts, agreements or waivers signed by plaintiff, and attached to the original will and the codicils, were of no benefit to her, she having little property of her own, and the same entitled her to less than her statutory share and other interests, and were without consideration, or such was wholly inadequate and unreasonable; that decedent insisted and demanded that plaintiff sign the waivers attached to the will and codicils when he executed the same; that she did not desire to do so, and delayed such signing for several days or weeks, and did so only upon his insistence; that decedent was in a fiduciary relationship with plaintiff, and neither he nor any representative of

Donald L. Shughart, William B. Jensen, Shughart, Thomson & Kilroy, Kansas City, for appellant.

Elvin S. Douglas, Jr., Crouch, Crouch, Spangler & Douglas, Harrisonville, for respondents.

PRITCHARD, Commissioner.

The issue presented is whether the trial court erred in dismissing plaintiff's suit to set aside a waiver of right of renunciation attached to the last will and testament and codicils thereto of her deceased husband upon the ground that the Probate Court of Cass County had first acquired jurisdiction of such matter.

The will of Bartles Henderson, with four codicils appended thereto, was filed in the Probate Court of Cass County on March 30, 1967. Following the attestation clause and signatures of witnesses on the original will and each codicil is plaintiff's signed and acknowledged waiver of her

* All statutory references are to RSMo 1959, V.A.M.S.

his made any disclosure, and plaintiff did not know, of the amount, kind, nature or value of the property decedent owned; that plaintiff was not advised of the effect of her signing the instruments, and did not know of her rights under the law at those times. Plaintiff further alleged that she relied upon decedent's statements and representations, which were false, and because of her love and affection for him did not question his desires and wishes, and after constant requests and demands from him, and without any separate advice from an attorney of her choice, and without causing decedent any heartache and grief she agreed and did sign the instruments appended to his will.

Sec. 16, Art. V, Const. of Mo. 1945, V.A.M.S., provides: "There shall be a probate court in each county with jurisdiction of all matters pertaining to probate business * * *." § 472.020 implements the constitutional provision: "The probate court has jurisdiction over all matters pertaining to probate business, to granting letters testamentary and of administration, * * * settling the accounts of executors, administrators * * * including jurisdiction of the construction of wills as an incident to the administration of estates, of the determination of heirship, * * *." § 472.030 provides that "The court has the same legal and equitable powers to effectuate its jurisdiction and to enforce its orders, judgments and decrees in probate matters as the circuit court has in other matters * * *." In First Nat. Bank of Kansas City v. Mercantile Bank & Trust Co., Banc, Mo., 376 S.W.2d 164, 168, this latter section was considered, the cases there cited (Mathews v. Pratt, Mo., 367 S.W.2d 632, 635 [4–6], and others following) holding "that the probate court (even before the new code) like other courts of law, consider and determine questions of an equitable nature incident to the exercise of its statutory powers." Prior to this consideration, and on the same page, it was said concerning cited cases where the probate court had exercised

equitable powers in completing the administration of estates that "the thread of jurisdiction in these typical cases concerning 'equity matters' is tied to what is necessary and practicable in the exercise of the probate court's powers in matters pertaining to probate business, i. e., the collection and marshaling of assets * * * *and the proper disposition of the remainder of the estate to the persons entitled thereto."* (Italics added.) The Mercantile case, supra, stands only for the rule that a power given by statute to appoint a successor trustee in a trust estate arising after probate of the estate, and of which the probate court was not originally concerned in administration of the estate, is not within the legislative prerogative.

Sec. 474.160 makes provision for a surviving spouse to take against a will, and sets forth the effect thereof. § 474.170 requires the clerk of the probate court, after a will of a married person is admitted to probate, to mail a written notice to the surviving spouse informing him that a written election *must* be filed by or on behalf of the surviving spouse in order to take against the will. § 474.220 provides for the manner in which a waiver of the right to take against the will may be executed, and it is filed in the same manner as provided for the filing of an election. All of these sections, read together, contemplate that they should be filed and adjudged in the probate court as a usual procedure in the administration of an estate. The election and any alleged waiver thereof are matters pertaining to probate business within the constitutional provision, the foregoing statutes, and the cases referred to above construing the equitable powers of a probate court.

In the case of In re Myers' Estate, Banc, Mo., 376 S.W.2d 219, it was held on transfer of the case from the St. Louis Court of Appeals that the probate court had jurisdiction to trace trust funds which had been commingled with those of the decedent under § 473.357. The court discussed §

472.030, supra, and held (376 S.W.2d 224) that by enacting the latter section "the legislature intended to eliminate the existing state of uncertainty by inserting lan guage in that section which would clarify the extent to which equitable jurisdiction would vest in the probate courts."

 While not involving a jurisdictional question, the cases of In re Estate of Reed, Mo., 414 S.W.2d 283, and In re Adelman's Estate, Mo.App., 377 S.W.2d 549, are illustrative of the procedure in adjudging the validity of an antenuptial contract alleged to bar renunciation rights in a will. The two cases follow the intendment of the probate code, particularly § 472.030, supra, that the probate court have exclusive original jurisdiction in equity matters which are directly concerned with the administration of an estate. Here the trial court so found and remarked: "Before this estate can be settled and the amount determined that each beneficiary will receive the election and waiver issue must first be determined. This court can think of no fact situation that would be more of a probate matter than this one here involved. It would seem this clearly involves 'in probate matters.' Since the Code provides that the election to take against a will and waiver must be filed in the Probate Court it would seem logical that *that* court should and must determine the validity of the election." The trial·court's observations are correct and are consistent with the legislative intent expressed in the various statutes mentioned above.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.